IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW HARWAY,

  Petitioner,

 v.

RICHARD IVES, Warden,

  Respondent.

Case No. 3:18-cv-00143-BR

ORDER

BROWN, Judge.

 Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and Petitioner's Motion for Temporary Restraining Order/Preliminary Injunction (ECF No. 3) and DISMISSES this action.

## BACKGROUND

 Petitioner is currently serving a six-month term of imprisonment imposed by District Judge Michael McShane in Case No.

1 - ORDER -

6:07-cr-60033-MC-3 for a supervised release violation. Prison staff have issued two Incident Reports against Petitioner. The first Incident Report alleges that Petitioner violated two prison rules: Introduction of Narcotics and Use of Phone for Criminal Purposes. The second Incident Report alleges Petitioner violated one rule, the Use of Phone for Other than Criminal Purposes. A Unit Disciplinary Committee ("UDC") convened and recommended that both matters be referred to a Disciplinary Hearing Officer for further hearing, and that Petitioner be sanctioned with loss of good conduct time and loss of telephone privileges. It does not appear the Disciplinary Hearing Officer has yet conducted a hearing on either Incident Report.

Petitioner alleges the Incident Reports violate his due process rights because the statements upon which they are based are conclusory and do not establish "some evidence" that Petitioner committed the code violations. Petitioner also alleges the first Incident Report interferes with his right to free speech and freedom of association. Petitioner seeks an immediate order restraining Respondent from imposing the proposed sanctions based upon an argument that he faces imminent and irreparable harm in the form of loss of his telephone privileges.

## LEGAL STANDARDS

The writ of habeas corpus is available to a prisoner "in custody in violation of the Constitution or laws or treaties of the

2 - ORDER -

United States." 28 U.S.C. § 2241(c)(3). Habeas petitions brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. Under Rule 1(b), the Rules Governing § 2254 Cases apply to habeas corpus petitions brought pursuant to § 2241. Under Rule 4, the court must undertake a preliminary review of each petition for writ of habeas corpus. Upon such review, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## DISCUSSION

### I. Premature Petition/Exhaustion of Remedies

It is well settled that federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Fendler v. United States Parole Com'n*, 774 F.2d 975, 979 (9th Cir. 1985). While the exhaustion requirement is not jurisdictional, its importance is well established. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies

3 - ORDER -

conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id.*; *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982). "Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted).

Petitioner does not deny that he has not exhausted his administrative remedies; indeed, as Petitioner alleges, the disciplinary hearing has not yet been convened. Petitioner asserts, nonetheless, that this Court should consider his Petition because staff at FCI Sheridan have "a history of harassing inmates by writing them false incident reports (bogus I/R) and then following up with inadequate disciplinary hearings with a hearings officer (DHO) who provides hearings that are lacking in the minimal due process that inmates are entitled to . . . ." This conclusory statement is not sufficient to excuse Petitioner from awaiting the outcome of the disciplinary proceeding and then exhausting his administrative remedies.

4 - ORDER -

## II. Due Process

Petitioner alleges his due process rights have been violated because the two Incident Reports are based on conclusory statements that are not "some evidence" that Petitioner committed the code violations charged. In *Wolff v. McDonald*, 418 U.S. 539 (1974), the Supreme Court set out the minimum procedural protections required by the Due Process Clause in the context of prison disciplinary hearings. Under *Wolff*, inmates facing the loss of good conduct time are entitled to written notice of the charges no less than 24 hours before the disciplinary hearing; an impartial hearing body; the right to present documentary evidence; a limited right to call witnesses; and, a written statement as to the evidence relied on and the reasons for the discipline. *Id.* at 563-66, 571. Due process also requires "some evidence" of guilt to support a disciplinary finding in the prison context. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

As noted, Petitioner's disciplinary hearing has not yet been convened. The procedural protections described in *Wolff* do not apply the pre-hearing investigation of a disciplinary violation. *See Henderson v. Schoville*, Case No. CV 00-12616-MMM (JEM), 2010 WL 342596, at *8 (C.D.Cal. Jan. 28, 2010) (citing *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (inmates do not have any "federal due process right to a prehearing investigation"); *Brown v. Frey*, 889 F.2d 159, 170-71 (8th Cir. 1989) (there is "no clear

5 - ORDER -

constitutional right to an 'adequate investigation'" in the context of prison disciplinary proceedings)). Accordingly, Plaintiff's allegation that the Incident Reports are not based upon "some evidence" does not state a cognizable claim upon which habeas relief may be granted under § 2241.

### III. Loss of Telephone Privileges

Finally, in his request for a temporary restraining order, Petitioner claims that the potential loss of telephone privileges violates his rights under the First Amendment. Such a challenge, however, is not cognizable in a habeas petition as a successful challenge to the loss of telephone privileges will not shorten Petitioner's sentence. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (finding that "habeas jurisdiction is absent and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); *Garcia-Cortez v. Sanders*, Case No. 11-1554, 2013 WL 2417937, at *12 (C.D.Cal. May 31, 2013) (loss telephone privileges as a disciplinary sanction not sufficient to support habeas jurisdiction under § 2241). As such, Petitioner's motion for a temporary restraining order preventing prison officials from restricting Petitioner's telephone access must be denied.

6 - ORDER -

**CONCLUSION**

For these reasons, the Court DENIES the Motion for Temporary Restraining Order (ECF No. 3) and the Petition for Writ of Habeas Corpus (ECF No. 1), and DISMISSES this action.

IT IS SO ORDERED.

DATED this 8th day of February, 2018.

_____
ANNA J. BROWN
United States District Judge
Senior